UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 21-279 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| TREVEION BROOKS (01)<br>D'ANDRE JACKSON (02)<br>WILLIAM ISENHOUR (03) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a motion to sever, filed by the Defendant, D'Andre Jackson ("Jackson"). [Record Document 36]. Jackson asserts that if he is tried jointly with his co-Defendants, Treveion Brooks and William Isenhour, he will be unfairly prejudiced. The Government objects to Jackson's motion to sever. [Record Document 40]. For the reasons set forth below, Jackson's motion is **DENIED**.

I.      Background.

Jackson and his co-Defendants have been charged in a two-count indictment with civil rights violations, charges which stem from events that occurred on January 24, 2020. All of the Defendants were on-duty Shreveport Police Officers at the time of the alleged violations. In Count One, co-Defendant Brooks is alleged to have committed a civil rights violation against D.R. In Count Two, Jackson and co-Defendant Isenhour are alleged to have committed a civil rights violation against C.B.

The charges arise from a high-speed chase that occurred after Jackson and Brooks tried to stop the driver of a truck for a seatbelt violation. The driver, C.B., refused to stop his vehicle and a pursuit ensued. During the chase, both C.B. and the passenger, D.R.,

1

threw items from the vehicle's windows.  Other police officers responded to the scene to assist.  Eventually, C.B. stopped his vehicle, and Jackson and Isenhour approached him, while Brooks approached the opposite side of the car that held D.R.  The Government alleges that Jackson and Isenhour pulled C.B. through the driver's side window and punched, kicked, and kneed him repeatedly as he lay on the ground.  The Government contends that when Brooks approached the passenger's side, he began punching D.R.

Jackson filed the instant motion to sever his case from that of co-Defendants Brooks and Isenhour to "avoid being unfairly prejudiced by the actions of others."  Record Document 36-1, p. 2.  The Government opposes the motion.

II.     Law and Analysis.

Federal Rule of Criminal Procedure 8(b) provides that multiple defendants may be charged together in the same indictment when they are alleged to have participated in offenses that are of the same or similar character, are based on the same act or transaction, or constitute parts of a common scheme or plan.  Fed. R. Crim. P. 8(b).  "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537, 113 S. Ct. 933, 937 (1993).  "[J]oint trials play a vital role in the criminal justice system" by promoting "efficiency and serv[ing] the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Id. As the Fifth Circuit has repeatedly instructed, "[p]ersons jointly indicted in a conspiracy case should generally be tried together." United States v. Bieganowski, 313 F.3d 264, 287 (5th Cir. 2002) (quoting United States v. Scott, 795 F.2d 1245, 1250 (5th Cir. 1986)). There is a heavy presumption in favor of joinder.  United States v. Ledezma-Cepeda, 894

F.3d 686, 690 (5th Cir. 2018). Indeed, joinder is the rule, not the exception. United States v. Mikolajczyk, 137 F.3d 237, 240 (5th Cir. 1998).

However, Federal Rule of Criminal Procedure 14(a) provides that the trial court may grant a severance under certain circumstances:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539, 113 S. Ct. at 938. "In ruling on a motion to sever, a trial court must balance potential prejudice to the defendant against the 'public interest in joint trials where the case against each defendant arises from the same general transaction.' " United States v. Simmons, 374 F.3d 313, 317 (5th Cir. 2004). "Generic allegations of prejudice will not suffice, for 'neither a quantitative disparity in the evidence nor the presence of a spillover effect requires a severance.' " Ledezma-Cepeda, 894 F.3d at 690. "The burden of demonstrating prejudice is a difficult one. . . . The defendant must show something more than the fact that a separate trial might offer him a better chance of acquittal." United States v. Park, 531 F.2d 754, 762 (5th Cir. 1976).

In the instant case, Jackson concedes that D.R. and C.B. were struck during the arrest. He contends that each officer should be judged individually, such that no one officer is judged for the conduct of another officer on the scene. Jackson fears that "the

3

jury will see the two criminals being struck by several officers and may impute guilt on all of them, regardless of the actions of each individual. . . . . While the cumulative effect of the arrest is disturbing, the actions of each officer may be justified." Id. at 3.  He then concludes that he will be unfairly prejudiced if forced to trial with Brooks and Isenhour.

Nonetheless, Jackson concedes that in order to prevail here, he must show that he would suffer specific and compelling prejudice against which this Court cannot provide protection.  He also concedes that Fifth Circuit jurisprudence suggests that merely complaining of the risk of a "spillover effect" in the evidence or asserting that it may be difficult to make his individual charges stand on their own merit in the eyes of the jury, is insufficient to establish that severance is warranted.  As the Fifth Circuit has explained, "judicial economy calls for trying coconspirators together and 'the mere presence of a spillover effect does not ordinarily warrant severance.' " United States v. Aucoin, 390 F. App'x 336, 344 (5th Cir. 2010) (quoting United States v. Posada–Rios, 158 F.3d 832, 863 (5th Cir. 1998)).  While there is a risk that prejudice may arise when "evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant," United States v. Peterson, 244 F.3d 385, 393 (5th Cir. 2001), the Fifth Circuit has approved the use of a limiting instruction to prevent the threat of prejudice from evidence which is incriminating against one defendant, but not another.  See United States v. Rocha, 916 F.2d 219, 228 (5th Cir. 1990).  Thus, the possibility that evidence against Brooks or Isenhour may spill over to Jackson is insufficient to show compelling prejudice, particularly when the Court can

4

provide an appropriate limiting instruction to the jury.[1] And indeed, Jackson acknowledges as much.

Furthermore, the Court believes that based on the charging document, the jury can "sort out the evidence reasonably" and apply it solely to the Defendant against whom it has been admitted. United States v. Merida, 765 F.3d 1205, 1219 (5th Cir. 1985). Jackson has not demonstrated how or why the jury would be unable to judge each Defendant separately. Lastly, Jackson has represented that there are no statements by his co-Defendants which would create a Bruton issue,[2] which removes any Confrontation Clause issue from consideration with respect to the issue of severance.

Accordingly, on the showing made, Jackson has failed to demonstrate that he would be unfairly prejudiced by proceeding to trial with Brooks and Isenhour.

III. Conclusion.

Jackson has failed to meet his burden of showing that he is entitled to severance, as he has neglected to demonstrate a serious risk that a joint trial would either compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or

---

[1] The Court would envision instructing the jury on Pattern Jury Instruction 1.25- Multiple Defendants-Multiple Counts to ensure that each count, and the evidence against each Defendant, is considered separately by the jury during its deliberations. "[I]t is generally presumed that juries follow the instructions given to them by the district court and are capable of compartmentalizing the evidence against each defendant." Ledezma-Cepeda, 894 F.3d at 690.

[2] In Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620 (1968), the Supreme Court held that a criminal defendant's Sixth Amendment confrontation right is violated where a hearsay confession by his co-defendant inculpating the defendant is admitted into evidence, and the co-defendant does not testify. See also United States v. Hitt, 473 F.3d 146, 159 (5th Cir. 2006)("A non-testifying co-defendant's confession cannot be used to inculpate the defendant.").

5

innocence. For these reasons, Jackson's motion to sever [Record Document 36] be and is hereby **DENIED**.

    **THUS DONE AND SIGNED** this 13th day of April, 2022.

                                      ELIZABETH ERNY FOOTE
                                      UNITED STATES DISTRICT JUDGE